UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEQUAN COBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00034-JPH-DLP |
| | ) | |
| CHARLES DUGAN, | ) | |
| DICK BROWN, | ) | |
| DICK SNYDER,[1] | ) | |
| MICHAEL PACELEY Mr.,[2] | ) | |
| ROBERT E. CARTER, | ) | |
| JACK HENDRIX, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING THE COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Dequan Cobb, an Indiana Department of Correction (IDOC) inmate at Wabash

Valley Correctional Facility (WVCF), brings this action pursuant to 42 U.S.C. § 1983, alleging

that the defendants have violated his constitutional rights. Because the plaintiff is a "prisoner" as

defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to

screen his complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of

the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. In determining whether the complaint states

---

[1] The **clerk is directed** to update the docket to reflect that the defendant's name is Jerry Snyder.

[2] The **clerk is directed** to update the docket to reflect that the defendant's name is Mr. Parcel.

1

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names the following defendants: Caseworker Charles Dugan, Superintendent Dick Brown, Unit Team Manager Jerry Snyder, Caseworker Manager Mr. Parcel, IDOC Commissioner Robert E. Carter, and IDOC Executive Director of Classification Jack Hendrix. The plaintiff is seeking compensatory and punitive damages.

The plaintiff has been housed in segregation since September 13, 2018. The complaint alleges that the defendants failed to provide the plaintiff with meaningful periodic reviews of his placement in administrative segregation. He also alleges that the conditions of segregation include security lighting 24 hours per day, no physical contact with visitors, and confinement to a small cell for 23 hours per day including mealtimes.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

State prisoners have a liberty interest under the Fourteenth Amendment Due Process Clause in avoiding indefinite or prolonged assignments to administrative segregation units that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005); *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). To comply with due process, prison officials must periodically conduct informal and non-adversary reviews to ensure that administrative segregation does not become a pretext for indefinite confinement. *Isby*, 856 F.3d at 525. "The [periodic] review need not be extensive, . . . [b]ut the review must be meaningful; it cannot be a sham or a pretext." *Id.* at 527.

The Seventh Circuit has held that "prolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment . . . depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 666 (7th Cir. 2012) (citing *Walker v. Shansky*, 28 F.3d 666, 673 (7th Cir. 1994)); *see also Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

Prisoners are entitled to the "minimal civilized measure of life's necessities," including access to adequate nutrition and hygiene. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Jaros v. Illinois*, 684 F.3d 667, 670-71 (7th Cir. 2012).

Based on the screening standard set forth above, the plaintiff's Fourteenth Amendment due process claims and Eighth Amendment cruel and unusual punishment claims arising from his placement in administrative segregation **shall proceed** against the defendants in their individual capacities.

Official-capacity claims against the defendants are **dismissed** for **failure to state a claim**

3

upon which relief can be granted. Official-capacity claims against state employees "are treated as suits against the states themselves," *Vinning-El v. Evans,* 657 F.3d 591, 592 (7th Cir. 2011), and such claims for money damages are barred by the Eleventh Amendment. *See Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011).

This summary of claims includes all the viable claims identified by the Court. All other claims are dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 14, 2021**, to identify those claims.

## IV.
## SERVICE OF PROCESS

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**SO ORDERED.**

Date: 4/28/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

DEQUAN COBB
228049
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to:

Wabash Valley Correctional Facility Employees:
Charles Dugan
Dick Brown
Jerry Snyder
Mr. Parcel

IDOC Central Office Employees:
Robert E. Carter
Jack Hendrix